**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Rick Mansour

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RICK MANSOUR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**CREDIT CONTROL, LLC,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATION OF:**<br><br>(1) **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>(2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. The California legislature has also found that the collection of debt purchased by debt buyers has become a significant focus of public concern due to the adequacy of documentation required to be maintained by the industry in support of collection activities and litigation. In that regard, setting specific documentation and process standards will protect consumers, provide needed clarity to courts, and establish clearer criteria for debt buyers and the collection industry.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

<mark>

4. RICK MANSOUR ("Plaintiff"), by Plaintiff's attorneys, brings this class action to challenge the actions of CREDIT CONTROL, LLC ("Defendant") with regard to attempts by Defendant, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17 ("RFDCPA" or "ROSENTHAL ACT").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

///

///

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.  In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the State of Missouri.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" and are therefore "debt collectors" as the terms are defined by 15 U.S.C. § 1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individual residing within the State of California.

18. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

///

///

19. Sometime prior to 2013, Plaintiff allegedly incurred financial obligations to the original creditor, First Bank, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code § 1788.2(d) and a "consumer debt" as the term is defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(6).

20. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to whether or not this alleged debt was actually owed.

21. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant.

22. Thereafter, but before March 2014, First Bank allegedly retained Defendant, a debt collector pursuant to the FDCPA and RFDCPA, to proceed with collection activity against Plaintiff for the collection of Plaintiff's alleged debt.

23. In March 2014, Plaintiff discovered that Defendant had debited $239.71 from Plaintiff's Bank of America checking account, account ending in 0946.

24. Since Plaintiff had no relationship with Defendant, Plaintiff immediately attempted to contact Defendant at (314) 442-7423, the telephone number listed on Plaintiff's Bank of America statement, to determine why Defendant had repeatedly debited hundreds of dollars per month from Plaintiff's account.

25. In trying to reach Defendant to conduct Plaintiff's investigation, Defendant's representative repeatedly stated that Plaintiff had contacted First Bank directly and made no mention of the fact that Plaintiff had actually contacted a third-party debt collector.

///

///

26. Subsequently, Plaintiff retained Plaintiff's counsel, Matthew M. Loker, Esq., in order to determine why Defendant had deducted funds from Plaintiff's bank account each month.

27. In this capacity, Loker contacted Defendant by telephone on March 20, 2014. During said telephonic communication, Defendant repeatedly stated that Loker was speaking with First Bank despite the fact that Loker had contacted Defendant at the telephone number listed on Plaintiff's bank account statement. As such, Loker explicitly asked Defendant's representative if said representative was employed by First Bank or Defendant to which Defendant's representative finally acknowledged employment by Defendant.

28. At all times relevant, Defendant concealed Defendant's true identity by misrepresenting to consumers that said consumers were actually contacting their bank as opposed to a third-party debt collector.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

30. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiffs' alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

31. Through this conduct, Defendant violated 15 U.S.C. § 1692e(14) by using a business, company, or organization name other than Defendant's true name. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

///

///

32. Through this conduct, Defendant took actions against Plaintiff concerning the alleged debt in violation of the statute discussed above. Consequently, Defendant has violated 15 U.S.C. §§ 1692e; 1692e(10); and, 1692e(14).

## CLASS ALLEGATIONS

33. Plaintiff brings this action on his own behalf, and on behalf of all others similarly situated.

34. Plaintiff defines "the Class" as: (i) all persons with addresses within the State of California; (ii) who communicated with Defendant (iii) regarding a consumer debt; (iv) wherein the Defendant claimed to be First Bank; (v) within one year prior to the filing of the Complaint in this action.

35. Defendant and Defendant's employees or agents are excluded from the Class.

36. Plaintiff does not know the exact number of persons in the Class, but believe them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.

37. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Class. The questions of law and fact common to the Class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

   a) Whether Defendant violated the FDCPA by false representation to the Class;

   b) Whether members of the Class are entitled to the remedies under the FDCPA;

   c) Whether members of the Class are entitled to declaratory relief;

   d) Whether members of the Class are entitled to injunctive relief;

   e) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

    f) Whether members of the Class are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and,

    g) Whether Plaintiff will fairly and adequately protect the interest of the Class.

39. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving unlawful debt collection practices.

40. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts involving unlawful collection practices.

41. A class action is a superior method for the fair and efficient adjudication of this controversy.

42. Class-wide damages are essential to induce Defendant to comply with the federal laws alleged in the Complaint.

43. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA is $1,000.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.

44. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final declaratory relief with respect to the class as a whole.

45. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via Internet website.

46. Plaintiff requests certification of a hybrid class combining the elements of Fed. R. Civ. P. 23(b)(3) for monetary damages and Fed. R. Civ. P. 23(b)(2) for equitable relief.

///

///

///

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(e)(14) (FDCPA)**

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

**COUNT II**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**Cal. Civ. Code §§ 1788-1788.17 (RFDCPA)**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

52. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

///

///

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper Class representative, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);, against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually; and
- Any and all other relief that this Court deems just and proper.

///
///
///
///
///

**TRIAL BY JURY**

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 4, 2014                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___Matthew M. Loker /s/___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF